IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY STEINER, ANN STEINER and GREG STEINER, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | No: |
| | : | |
| vs. | : | |
| | : | |
| PALACE ENTERTAINMENT, INC. t/d/b/a SANDCASTLE WATERPARK | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

AND NOW, come the Plaintiffs, Jeffrey Steiner, Ann Steiner and Greg Steiner, by and through their Attorney, Shenderovich, Shenderovich & Fishman, P.C., and Craig L. Fishman, Esquire and file the following Complaint:

## PARTIES

1.      The Plaintiffs are adult individuals currently residing at 109 Hartwood Drive, Pittsburgh, Pennsylvania 15208.

2.      Palace Entertainment, Inc. is a Delaware Corporation with a principal place of business located at 4590 MacArthur Boulevard, Suite 400, Newport Beach, California 92660.  Palace Entertainment, Inc. is a subsidiary of Parques Reunidos, an international amusement park company based in Madrid, Spain.  Defendant Palace Entertainment, Inc. owns and operates Sandcastle Waterpark located in Homestead, Pennsylvania.

3.      At all times pertinent to this matter, the Defendant operated through its agents, ostensible agents, servants, employees and/or independent contractors acting within the scope of their employment and authority.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction due to diversity of citizenship as codified at 28 U.S.C. §1332, due to the residency of the parties and an amount in controversy in excess of $75,000.

5.      A substantial part of the events or omissions giving rise to Plaintiffs' claims, as described herein, occurred in the Western District of Pennsylvania.  Venue accordingly is invoked pursuant to 28 U.S.C. §1391(a).

## FACTS AND CLAIMS

6.      On July 1, 2010, Jeffrey Steiner used a season pass to gain admission to Sandcastle Waterpark and use its water slides, pools and other attractions.  He was 17 years old at the time.

7.      Jeffrey climbed the platform tower to an inner tube ride with his younger brother, Scott, and one of Scott's friends.

8.      Scott and his friend rode their tube down the slide before Jeffrey.

9.      Jeffrey waited at the top of the slide until he was instructed by the ride attendant to proceed down the slide.  The attendant told him to proceed before the younger boys had emerged at the base of the slide.  Jeffrey proceeded as directed by the ride attendant.

10.     Jeffrey's nose crashed into Scott's head inside the flume of the water slide, causing Jeffrey to suffer a broken nose.

11.     Defendant owes a duty to all patrons to exercise reasonable care in the operation of its water slides and to protect the safety of those using the slides.

12.     The Defendant, Palace Entertainment, Inc. t/d/b/a Sandcastle Waterpark, acted in a negligent manner in that its ride attendant instructed Jeffrey to proceed down the slide before the boys ahead of him had emerged from the opening at the bottom of the slide.  The ride attendant failed to follow Sandcastle's policies and procedure for controlling the number of riders in a slide at the same time.

13.     As a direct and proximate result of the negligence of the Defendant as described aforesaid, the Plaintiff suffered the following damages and injuries:

     (a)     Nasal fracture with deformity;

     (b)     Deviated septum;

     (c)     Difficulty breathing through his nose;

     (d)     Bleeding from nose;

     (e)     Nose pain and swelling;

     (f)     Inability to use his season pass for the remainder of the season; and

     (g)     Other damages and injuries which may be determined during the pendency of this action.

14.     As a further proximate result of the incident as described aforesaid, the Plaintiff has suffered and will continue to endure great pain, suffering, humiliation, embarrassment, mental anguish and inconvenience.

15.     As a further proximate result of the incident as described aforesaid, the Plaintiff has suffered a loss of life's enjoyment.

16.     As a further proximate result of the incident as described aforesaid, the Plaintiff was unable to attend to his usual daily duties during the period of his convalescence.

17.     As a further proximate result of the incident as described aforesaid, the Plaintiff has been forced to undergo medical and invasive procedures with the pain and suffering attendant to the use of such procedures, and will require further such treatment in the future.

18.     As a further proximate result of the incident as described aforesaid, the Plaintiff's parents, Greg Steiner and Ann Steiner, were forced to spend considerable sums of money for medical treatment and care for their son, Jeffrey Steiner, and will expend additional sums in the future.

WHEREFORE, the Plaintiffs, demand damages from the Defendant in a sum in excess of $75,000 plus costs of suit and demand a trial by jury.

Respectfully submitted,

SHENDEROVICH, SHENDEROVICH & FISHMAN, P.C.

By:/s/ Craig L. Fishman
    Craig L. Fishman, Esquire
    PA I.D. #58753
    Attorney for Plaintiffs
    429 Fourth Avenue
    1600 Law & Finance Building
    Pittsburgh, PA  15219